UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILECIA WHITING,

    Plaintiff,

v.

NAVY FEDERAL CREDIT UNION,

    Defendant.

Case No. 24-cv-11223

Honorable Robert J. White

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Before the Court is Philecia Whiting's motion for reconsideration of the August 23, 2024 opinion and order dismissing her *pro se* complaint. (ECF Nos. 24-25). The Court will decide the motion without a hearing pursuant to E.D. Mich. LR 7.1(h)(3).

At the outset, Whiting fails to demonstrate "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice" that would alter the Court's prior decision. *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quotation omitted). So reconsideration of the dismissal order is unwarranted.

Whiting insists, however, that the Court should have granted her leave to amend or "clarify" the complaint even though she never moved for that relief. (ECF No. 25, PageID.138-39).

"There is currently no rule of law in this circuit that requires a district court, *sua sponte*, to give a pro se plaintiff leave to amend his complaint absent a request . . . and so generally, a district court does not abuse its discretion in failing to grant a party leave to amend where such leave is not sought." *Brown v. Mautaszak*, 415 F. App'x 608, 615-16 (6th Cir. 2011); *see also Sinay Lamson & Sessions Co.*, 948 F.2d 1037, 1042 (6th Cir. 1991); *Berndt v. Tennessee*, 796 F.2d 879, 882 (6th Cir. 1986).

The United States Sixth Circuit Court of Appeals has, on occasion, "remanded a case to allow a pro se plaintiff leave to amend where it was not requested in the district court." *Brown*, 415 F. App'x at 616; *see also Gordon v. England*, 354 F. App'x 975, 981-82 (6th Cir. 2009).  But those cases typically raise issues of serious public concern or implicate the violation of federal constitutional rights. *See Brown*, 415 F. App'x at 616-17 (noting the "seriousness of the alleged offense in this case"); *Gordon*, 354 F. App'x at 978 (observing that the plaintiff "makes serious allegations against her former supervisor and other employees of the United States Navy."); *Berndt*, 796 F.2d at 882-83 (remanding to the district court with instructions to afford leave to amend because of the "seriousness of the claims in this case.").  Whiting's allegations do not meet this threshold.

2

What is more, aside from offering to abandon her claims under the Equal Credit Opportunity Act, the Fair Credit Reporting Act, and the Cestui Que Vie Act of 1666, Whiting fails to identify any plausible factual allegations that would support the other causes of action asserted in the complaint. Nor does she contend that "any of [her] submissions should have put the court on notice of information that, if properly incorporated into the complaint, would have permitted [her] claims to be adjudicated on the merits." *Deryke v. Carson City Corr. Health Care*, No. 22-1792, 2023 U.S. App. LEXIS 6205, at *3 (6th Cir. Mar. 15, 2023). Whiting is, therefore, not entitled to amend her complaint. Accordingly,

IT IS ORDERED that Whiting's motion for reconsideration of the August 23, 2024 opinion and order dismissing the complaint (ECF No. 25) is denied.

Dated: August 28, 2024       s/ *Robert J. White*
    Detroit, Michigan      Robert J. White
                                 United States District Judge